DA 10-0579

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 149N

SONIA CRADDOCK,

      Plaintiff and Appellant,

  v.

BOB'S WELDING SHOP,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 09-1658
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sonia Craddock, self-represented; Billings, Montana

      For Appellee:

          Michael P. Heringer, Brown Law Firm, P.C.; Billings, Montana

Submitted on Briefs:  May 3, 2011

Decided:  June 21, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A fire destroyed Sonia Craddock's (Sonia) mobile home in Laurel, Montana on November 30, 2007. Sonia filed a complaint against Bob's Welding Service (Bob's Welding) in the District Court alleging products liability, breach of warranty for a particular purpose and negligence. Following a hearing on the parties' cross-motions for summary judgment, the Thirteenth Judicial District Court issued an order denying Sonia's motion and granting summary judgment in favor of Bob's Welding. Sonia appeals. We consider on appeal whether the District Court erred in awarding judgment to Bob's Welding as a matter of law.

¶3 In September 2007, Sonia contracted with Lesman Ironworks to build her a wood burning stove. Jerry Allen (Allen), President of Lesman Ironworks, built her a stove that he maintained complied with the applicable codes. Allen also installed baffle plates in the air intake to prevent flames, ash and embers from escaping.

¶4 Tyler J. Larson (Larson) of Bob's Welding provided affidavit testimony that in October or November 2007, Sonia asked him to weld extensions onto stovepipe elbow joints, all of which she had purchased elsewhere and brought in to Bob's Welding. Sonia informed Larson the pipes were to be used as air intakes on her wood stove. Larson

2

welded extensions onto the elbows according to the measurements Sonia provided. Larson stated that he relied exclusively upon the information Sonia provided, that he never saw the stove, and that Sonia did not inform him she had modified the stove by cutting two additional holes in it.

¶5     When Sonia's mobile home later burned, Gary Colley (Colley), the Laurel Fire Marshal, was among those who responded to the fire.  In his subsequent investigation, Colley discovered Sonia's new stove was modified with two holes cut high into the back, each approximately four inches in diameter.  There were vent pipes from the holes to the wall behind the stove, but no baffles to prevent flames, embers and ash from escaping through the holes.  The pipes were not insulated, and there was an insufficient gap between the pipes and combustible materials in the wall.  Colley concluded the pipes could not draw in cool air, lacked any baffles, and functioned as chimneys, venting hot gases from the stove which most likely caused the wall to ignite.  In Colley's opinion, the cause of the fire was the inappropriate modification of the stove and improper installation of the pipes.  Colley stated the welds on the pipes were intact and had not caused the fire. In his opinion, had the air intakes been properly placed and installed, the fire would not have ignited.

¶6     We review de novo a district court's grant of summary judgment, using the same standards applied by the district court under M. R. Civ. P. 56.  *Rich v. Ellingson*, 2007 MT 346, ¶ 12, 340 Mont. 285, 174 P.3d 491.  The moving party has the burden of establishing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Id*.  Once the moving party has met this burden, the non-moving party

must present substantial evidence essential to one or more elements of the case to raise a genuine issue of material fact. *Apple Park, L.L.C. v. Apple Park Condos., L.L.C.*, 2008 MT 284, ¶ 11, 345 Mont. 359, 192 P.3d 232. Reliance upon "conclusory statements" lacking specific factual support is not sufficient to raise a genuine issue of material fact. *PPL Mont., L.L.C. v. State*, 2010 MT 64, ¶ 84, 355 Mont. 402, 229 P.3d 421.

### *Does Sonia's products liability claim fail as a matter of law?*

¶7    To prevail in a products liability claim, a plaintiff must establish: 1) the plaintiff was injured by the product; 2) the injury happened because the product was defective and unreasonably dangerous; and 3) the defect existed when it left the hands of the defendant. Section 27-1-719(1), (2), MCA; *Schleske v. Creative Nail Design*, 280 Mont. 476, 483, 933 P.2d 799, 803 (1997).

¶8    As modified and installed, the stove clearly was defective. However, there is no evidence in the record to suggest that the welds Bob's Welding applied to the stovepipe extensions rendered them unreasonably dangerous. When Sonia left Bob's Welding with the stovepipes, they were not inherently dangerous. The undisputed evidence showed that Sonia's intervening acts in modifying the stove and installing the pipes caused the unreasonable danger of a fire. As a matter of law, Sonia's products liability claim fails.

### *Do factual issues preclude summary judgment on the claim of implied warranty of fitness for a particular purpose?*

¶9    An implied warranty of fitness for a particular purpose arises under § 30-2-315, MCA, when at the time of contracting, a seller has reason to know the purpose for which

4

the goods will be used, and the buyer relies upon the seller's skill or judgment to select or furnish suitable goods.

¶10 Sonia claims the pipes were not fit for use as air intake ducts. She reasons that Bob's Welding violated National Fire Protection Association (NFPA) standards in manufacturing the pipe extensions and should be held strictly liable for her damages. She also contends that whether Bob's Welding failed to comply with applicable NFPA codes constitutes an issue of fact. The NFPA provisions on which Sonia relies, however, are not applicable to solid fuel-burning appliances such as woodstoves, but to factory-built and masonry fireplaces, which are not at issue in this case.

¶11 Moreover, even if, as Sonia claims, there are disputed facts concerning whether she paid Bob's Welding to perform the welding or whether Bob's Welding knew she intended to use the pipes for air intake on her stove, these disputes are not material. Sonia produced no evidence showing the welded pipes were not sufficient for use as air intakes. It was Sonia's installation of the pipes near the top of the stove that created the chimney-like conditions leading to the fire. Sonia failed to present substantial evidence showing a triable claim under § 30-2-315, MCA.

**Did the District Court err in determining Sonia's negligence claim failed as a matter of law?**

¶12 In a negligence claim, the plaintiff must establish that a duty was owed, the duty was breached, and the breach caused damages. Failure to establish each of these elements causes a claim to fail. *Abraham v. Nelson*, 2002 MT 94, ¶ 11, 309 Mont. 366, 46 P.3d 628.

5

¶13 Sonia has not produced evidence to support a finding that the welded pipe extensions caused her damages. Sonia modified her new custom-built stove by cutting two additional holes in it, and Sonia installed the pipes. Sonia's modification of the stove and installation of the pipes led to the unfortunate fire and resulting damage to her home.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provide for noncitable memorandum opinions. Once Bob's Welding established the absence of genuine issues of material fact, Sonia failed to present substantial evidence to raise a factual issue for trial. The District Court correctly applied settled Montana law in awarding judgment to the Defendant, and its judgment is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

6